UNITED STATES v. FAXON. See Case No. 16,324.

---

## Case No. 15,080.

### UNITED STATES v. FEARS.

[3 Woods, 510.] [2]

Circuit Court, N. D. Georgia. March Term, 1878.

RESISTANCE TO REVENUE OFFICER—AUTHORITY OF OFFICER—ENTRY WITHOUT WARRANT—INDICTMENT.

1. A person may be guilty, under section 3177, Rev. St., of the offense of obstructing and hindering an officer of internal revenue in the ex-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

ercise of his authority, to enter any building or place where articles subject to tax are produced, for the purpose of examining such articles, although such person does not own the building or the articles subject to tax, and did not make, produce or keep them.

2. It is no offense to resist or obstruct an officer who is acting without authority, or who is exceeding his authority.

3. The right of resistance to illegal official action is essential, not merely to all free government, but to any government whatever.

4. Under section 3177, Rev. St., a collector, deputy collector or inspector of internal revenue, may, without process, enter any building where distilled spirits, subject to tax, are produced or kept, so far as may be necessary for examining the same, and under section 3453, Rev. St., may, without process, seize illicit distilled spirits.

5. An indictment, under section 3177, for hindering an internal revenue officer, without warrant, from entering a building where illicit distilled spirits, subject to tax, were kept, and from seizing said spirits, must aver that the attempt of the officer to enter, which was hindered, was made in the day time, or that it was made in the night season when the premises were open, and that such entry was necessary for the purpose of examining such distilled spirits, and that they were in the custody of some person who had the purpose of selling or removing the same, in fraud of the internal revenue laws, or the design to avoid the payment of the taxes thereon.

Heard on demurrer to the indictment.

The indictment in this case was based on the last clause of section 3177, Rev. St. U. S. The entire section reads as follows: "Any collector, deputy collector or inspector may enter in the day time any building or place where any articles or objects subject to tax are made, produced or kept within his district, so far as it may be necessary for the purpose of examining said articles or objects. And any owner of such building or place, or person having the agency or superintendence of the same, who refuses to admit such officer, or to suffer him to examine such article or articles, shall, for every such refusal, forfeit five hundred dollars. And when such premises are open at night, such officers may enter them while so open in the performance of their official duties. And if any person shall forcibly obstruct or hinder any collector or deputy collector, or inspector in the execution of any powers vested in him by law, or shall forcibly rescue, or cause to be rescued, any property, articles or objects after the same shall have been seized by him, or shall attempt or endeavor so to do, the person so offending, excepting in cases otherwise provided for, shall, for every such offense, forfeit and pay the sum of five hundred dollars, or double the value of the property so rescued, or be imprisoned for a term not exceeding two years, at the discretion of the court." The indictment charged that the defendant did "forcibly obstruct and hinder one William W. Brown in the execution of a power and authority vested in him, the said William W. Brown, by law, to seach for and seize two packages of corn whisky, containing, in the aggregate, sixty

gallons, said two packages of corn whisky then being distilled spirits, subject to tax, on which the tax had not been paid, said distilled spirits having been removed from the place of distillation to a place other than the distillery warehouse provided by law, said two packages of distilled spirits being then and there supposed to be kept concealed in the smoke-house of him, the said E. P. Fears, then and there being; he, the said William W. Brown, being then and there a deputy collector of internal revenue for the Second collection district of Georgia, in the execution of a power and authority vested in him by law, to search for and seize said two packages of distilled spirits, wherever found, and to enter said smoke-house, so far as it was then and there necessary, for the purpose of making such search and seizure."

The demurrer to this indictment was based on two grounds: (1) Because it was not averred that the defendant, E. P. Fears, concealed the said distilled spirits. (2) Because the authority under which the officer acted was not sufficiently set out.

H. P. Farrow, U. S. Atty.
S. A. Darnell, for defendant.

Before WOODS, Circuit Judge, and ERSKINE, District Judge.

WOODS, Circuit Judge. The first ground of demurrer is clearly untenable. The offense charged is not the removal, nor concealment, nor keeping of distilled spirits contrary to law, but the obstructing of an internal revenue officer in the discharge of his duty. The distilled spirits may be kept by one person in his own building, and yet another person may obstruct or hinder the officer when he attempts to enter such building for the purpose of examining the spirits. The latter would clearly be amenable to the law, though he owned neither the building nor the spirits, and did not make, produce or keep them. To keep or conceal illicit spirits is one offense, to obstruct or hinder an officer from entering a building where illicit spirits are kept, is a distinct and different one. It is the latter which the pleader has attempted to charge in this indictment.

The second ground of demurrer is, we think, well taken An indictment for obstructing or hindering an officer should show the authority under which the officer is acting. It is no offense to resist or obstruct an officer who is acting without authority or who is exceeding his authority. The pleader seems to have known the rule, and has made an attempt to conform to it. In this, we think, he has failed. There is no pretense that the officer was acting by virtue of any search-warrant or any other legal process. The theory of the prosecution seems to be that, under section 3177 of the Revised Statutes, the internal revenue

officer may enter without process any building where distilled spirits subject to tax are made, produced or kept, so far as it may be necessary for examining the same; and that under section 3453, he may also, without process, seize illicit distilled spirits. This is true, but the authority exists only where the circumstances prescribed by these sections exist. The officer has the authority in the case pointed out by the statute, and in no other. To show his authority, it must appear that such a state of facts existed as are contemplated by the statute. By section 3177 the internal revenue officers are authorized in the day time or in the night, when the premises are open, to enter any building where any articles subject to tax are made, produced or kept, so far as it may be necessary for the purpose of examining said articles.

There is no averment in the indictment that the attempt to enter the smoke-house of the defendant and examine said distilled spirits was made in the day time, or made at night when the premises were open, nor that said distilled spirits were made, produced or kept on said premises, or that such entry was necessary for the purpose of examining said spirits. It does not appear, therefore, from the indictment, that the officer had authority to make a search or to enter the premises of defendant; and it does not appear that it was unlawful for the defendant to resist the officer in making such entry and search. If, for instance, the officer had attempted to enter the premises in the night season, when the door was shut, the defendant would have had the right to resist him, and would violate no law in so doing. Section 3453, Rev. St., authorizes the seizure of taxable articles by the internal revenue officers "which shall be found in the possession or custody, or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal revenue laws, or with the design to avoid the payment of the taxes thereon." There is no averment in the indictment that the distilled spirits therein mentioned were in the custody of any one for any of the purposes mentioned in the section just quoted. The authority of the revenue officers to seize is, therefore, not averred, and it does not appear from the indictment that the defendant was guilty of any offense in obstructing or hindering such seizure.

As to both the attempted examination and seizure, from all that appears in the indictment the officer seems to have been a trespasser who might be lawfully obstructed and resisted. The right of resistance to illegal official action is essential not merely to all free government, but to any government whatsoever. All citizens of the United States are guaranteed by the constitution security in their persons, houses, papers and effects, against unreasonable searches and seizures. The right to resist an unauthorized search or seizure is a direct consequence of this guaranty. In order, therefore, to show that defendant was guilty of an offense in resisting the search and seizure of the revenue officer, the authority of the latter should have been set out. This the indictment entirely fails to do. It is, therefore, defective and bad, and the demurrer must be sustained.